J-A21022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDRE WILLIAMS | |
| Appellant | No. 1887 EDA 2014 |

Appeal from the Judgment of Sentence April 24, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011010-2012

BEFORE: ALLEN, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED JULY 24, 2015**

Appellant, Andre Williams, appeals from the April 24, 2014 aggregate judgment of sentence of six to 12 years' imprisonment, imposed after a jury found him guilty of robbery and aggravated assault.[1]  After careful review, we affirm.

The trial court summarized the relevant facts of this case as follows.

> On March 17, 2011, at about 11:30 a.m., Rasheed Durham, while walking on the street, was the victim of a robbery and an aggravated assault. Within a few hours of the robbery, Mr. Durham offered the following information to Detective Miles, which was contemporaneously chronicled in a signed statement. Mr. Durham named [Appellant] as the person who robbed and assaulted him. Mr. Durham

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii) and 2702(a), respectively.

stated that, while walking, he saw [Appellant] across the street. [Appellant] walked toward him, pointed a gun at him and said, "give it up." [Appellant] then insisted that Mr. Durham sit on the step and give him "the stuff" or he would "pop the s[**]t out of [him]." After giving [Appellant] his wallet, [Appellant] instructed Mr. Durham to walk away—when Mr. Durham began to walk away, [Appellant] struck him twice in the back of the head. [Appellant] stole approximately $250. Mr. Durham claimed that he has a child with Demiqua Thomas, [Appellant]'s cousin. Mr. Durham also stated that he knew [Appellant] for ten years. He saw [Appellant] only a month before the robbery and, according to Mr. Durham, "everything was okay." Detective Miles specifically asked Mr. Durham if everything he told the [d]etective was the truth—Mr. Durham signed the statement and attested to its truthfulness.

Mr. Durham stated at trial that the suspect stood only a few feet away from him during the robbery and that he saw the suspect's face. Mr. Durham identified [Appellant] in a series of photographs while at the police station. He signed [Appellant]'s photograph immediately after identifying him. For his wound, Mr. Durham agreed, at trial, that he received a "pretty good whack" to [the] head. He received six staples and Percocet painkillers from the hospital for his injuries.

The day after the robbery, Mr. Durham returned to the police station and stated that he no longer wished to file charges against [Appellant]. Recorded in a statement taken on this day, Mr. Durham claimed that he had been in jail before and that he "didn't want anyone to go to jail." He also maintained that he "shouldn't have been down there … and this [robbery and assault] wouldn't have happened." Yet, at trial, Mr. Durham changed his previously stated reasons for repudiation and now claimed that he changed his mind on the suspect's identification because he was unsure of who robbed him. Nowhere, however, in his original signed police statement, nor in the statement taken the day after,

did Mr. Durham state that the previously identified [Appellant] was not the person who robbed him. In Detective Miles['] report, Mr. Durham agreed that [Appellant] was, in fact, the one who pointed a gun at him and attacked him; but, nonetheless, he preferred not to press charges.

According to the second statement taken by Detective Miles, Mr. Durham agreed that everything he told the detective the day before about the robbery and the assault was the truth. Since there were no other suspects in the robbery, and because Detective Miles believed that everything Mr. Durham had told him the day before was [] accurate, he never rescinded the arrest warrant for [Appellant]. The police arrested [Appellant] a few months later.

At trial, Mr. Durham claimed that he was high on PCP at the time of the robbery. Philadelphia Police Officer Raymond Green responded to the radio call regarding the robbery. Officer Green, who has had many interactions with citizens on PCP, testified that when he met with Mr. Durham following the robbery, Mr. Durham did not appear intoxicated; rather, he appeared coherent and answered questions without hesitation. Officer Green agreed that if Mr. Durham had appeared impaired, he would have made a note in his report. When interviewed by Officer Green, Mr. Durham named [Appellant] as the person who robbed and assaulted him (he also gave a description). Mr. Durham also showed no signs of intoxication while he gave his report or reviewed photographs with Detective Miles.

Trial Court Opinion, 1/20/15, at 1-3 (citations omitted; quotation marks and some brackets in original).

By criminal information, filed on September 20, 2012, the Commonwealth charged Appellant with the aforementioned offenses as well as one count each of possession of firearm prohibited, firearms not to be

carried without a license, theft by unlawful taking, receiving stolen property, carrying firearms in public in Philadelphia, possession of an instrument of crime, terroristic threats, simple assault, and recklessly endangering another person.[2] On March 6, 2014, a two-day jury trial commenced. On March 7, 2014, the jury found Appellant guilty of robbery and aggravated assault. The jury found Appellant not guilty of possession of firearm prohibited, firearms not to be carried without a license, and carrying firearms in public in Philadelphia. The remaining charges were *nolle prossed*. On April 24, 2014, the trial court sentenced Appellant to six to 12 years' imprisonment.[3]

On April 30, 2014, Appellant filed a timely post-sentence motion, which the trial court denied on June 5, 2014. Appellant filed a timely notice of appeal on June 27, 2014.[4]

On appeal, Appellant presents the following two issues for our review.

> 1.  Did the [trial] court commit error by convicting Appellant of robbery where the evidence at trial was insufficient to establish that Appellant threatened serious bodily injury while committing a theft?

---

[2] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), 3921(a), 3925(a), 6108, 907(a), 2706(a)(1), 2701(a), and 2705, respectively.

[3] Specifically, the trial court sentenced Appellant to four to eight years' incarceration on the robbery conviction and two to four years' on the aggravated assault conviction, imposed to run consecutively.

[4] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

> 2.  Did the [trial] court commit error by convicting Appellant of aggravated assault where the evidence at trial was insufficient to establish that Appellant caused serious bodily injury to Complainant?

Appellant's Brief at 5.

We address both of Appellant's issues together as Appellant raises a single underlying challenge to the sufficiency of the evidence that the Commonwealth presented to convict him of robbery and aggravated assault. In both of his issues, Appellant contends the only evidence linking Appellant to the crimes was Durham's statement, which Durham later recanted.  *Id.* at 9, 11.  Further, Appellant notes that the proceeds of the robbery and the firearm were never recovered, and the Commonwealth did not present any other eyewitness testimony.  *Id.*

Our standard of review for challenges to the sufficiency of the evidence is well settled.  "In reviewing the sufficiency of the evidence, we consider whether the evidence presented at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the verdict winner, support the jury's verdict beyond a reasonable doubt." *Commonwealth v. Patterson*, 91 A.3d 55, 66 (Pa. 2014) (citation omitted), *cert. denied*, *Patterson v. Pennsylvania*, 135 S. Ct. 1400 (2015).  "The Commonwealth can meet its burden by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter

of law, no probability of fact can be drawn from the combined circumstances." ***Commonwealth v. Watley***, 81 A.3d 108, 113 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted), *appeal denied*, 95 A.3d 277 (Pa. 2014). As an appellate court, we must review "the entire record … and all evidence actually received[.]" ***Id.*** (internal quotation marks and citation omitted). "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." ***Commonwealth v. Orie***, 88 A.3d 983, 1014 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Diamond***, 83 A.3d 119, 126 (Pa. 2013) (citation omitted), *cert. denied,* ***Diamond v. Pennsylvania***, 135 S. Ct. 145 (2014).

In this case, Appellant was convicted of robbery and aggravated assault. "A person is guilty of robbery if, in the course of committing a theft, he … threatens another with or intentionally puts him in fear of immediate serious bodily injury[.]" 18 Pa.C.S.A. § 3701(a)(1)(ii). Further, a person commits aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." ***Id.*** § 2702(a)(1).

With regard to each of these crimes, Appellant's sole argument is Durham, the victim and only witness linking Appellant to the crime, recanted his statement implicating Appellant in the robbery.[5]  Appellant's Brief at 23. Our Supreme Court, however, has held that prior inconsistent statements "must … be considered by a reviewing court in the same manner as any other type of validly admitted evidence when determining if sufficient evidence exists to sustain a criminal conviction."  **Commonwealth v. Brown**, 52 A.3d 1139, 1171 (Pa. 2012).  Accordingly, we view the evidence in the light most favorable to the Commonwealth as the verdict-winner, and we conclude the evidence is sufficient to support the convictions for robbery and aggravated assault beyond a reasonable doubt.

At trial, the Commonwealth presented the written, signed statement of Durham, which he gave to police within hours of the events, when the

_____

[5]  Because Appellant is challenging the credibility of Durham's prior inconsistent statements, it may seem like an argument going to the weight of the evidence.  **See Commonwealth v. Palo**, 24 A.3d 1050, 1054 (Pa. Super. 2011) (classifying a challenge to the credibility of the Commonwealth's witness as an argument going to the weight, not sufficiency, of the evidence), appeal denied, 34 A.3d 828 (Pa. 2011). However, the recantation of a statement implicates the sufficiency of the evidence where it renders the prior inconsistent statement "so inherently unreliable and contradictory that it makes the jury's choice to believe [it] an exercise of pure conjecture[.]"  **Commonwealth v. Brown**, 52 A.3d 1139, 1154 n.18 (Pa. 2012).  In this case, Appellant asserts that Durham's prior inconsistent statements, which he repudiated at trial, were insufficient to prove the crimes beyond a reasonable doubt and were the only evidence supporting Appellant's conviction.  Therefore, we address Appellant's claim as a sufficiency claim.

robbery and assault were still fresh in his mind.[6] His statement identified the culprit as Appellant, with whom Durham was previously acquainted. Durham also selected Appellant's photograph out of an array and signed it. Detective Miles testified that he transcribed Durham's statement for his report as Durham spoke. Durham adopted this statement by signing it as well as attesting to its truthfulness. Appellant does not dispute that this statement, taken alone, establishes all the elements of both offenses. Instead, he argues that Durham's statement is insufficient because Durham later recanted it.

Even though Durham recanted his statement twice, one day after he gave it to Detective Miles, and at trial, the jury was nonetheless free to accept Durham's initial statement as truthful and reject his recantations. *See Orie*, *supra*. Our Supreme Court has explained that a statement does not become insufficient due to recantation alone.

> [T]he mere fact that [the witness] recanted a statement he had previously made to the police certainly does not render the evidence insufficient to

_____

[6] Durham's prior inconsistent statements identifying Appellant as the perpetrator were admissible at trial as substantive evidence because the prior statement was a writing signed and adopted by Durham, Durham testified at trial, and he was subject to cross-examination. *See* Pa.R.E. 803.1(1)(B) (providing a prior inconsistent statement is admissible if it is in the form of a writing signed and adopted by the declarant); *Brown*, *supra* at 1171 n.52 (noting a prior inconsistent statement is admissible if it complies with Pennsylvania Rule of Evidence 803.1 and the witness testifies at trial and is subject to cross-examination). Appellant does not challenge the statement's admissibility.

> support Appellant's conviction. Rather, the jury was free to evaluate both [the witness]'s statement to police as well as his testimony at trial recanting that statement, and free to believe all, part, or none of the evidence.

*Commonwealth v. Hanible*, 836 A.2d 36, 39 (Pa. 2003) (citation omitted), *cert. denied*, *Hanible v. Pennsylvania*, 543 U.S. 835 (2004).

Here, Durham's first repudiation the day after giving the inculpatory statement to police stated that Durham did not wish to press charges. N.T., 3/6/14, at 43. Significantly, his statement confirmed that Appellant committed the robbery and assault. *Id.* at 54. Moreover, in his recantation at trial, Durham stated he had smoked PCP in the morning before the incident. *Id.* at 58-59. In rebuttal, the Commonwealth presented the testimony of Detective Miles and Officer Green, who stated that, based on their police experience and observations, they did not believe Appellant was on PCP at the time he gave his initial statement on the day of the robbery. *Id.* at 76, 88-89. The jury personally observed the testimony of Durham, Detective Miles, and Officer Green at trial, and the jury was free to choose to credit Durham's initial statement to police as truthful and discount his recantations. *See Brown*, *supra* at 1169 (emphasizing that "it is the finder-of-fact's ability to make in-person observations of the witness at the time of trial, as he or she explains the reasons for the prior statement, which is most crucial to its assessment of the witness's credibility[]"). Accordingly, we conclude Durham's prior inconsistent statement alone was sufficient to

support the jury's verdict beyond a reasonable doubt.  ***See Hanible***, ***supra***.

Therefore, Appellant is not entitled to relief on either of his issues.  ***See***

***Diamond***, ***supra***.

Based on the foregoing, we conclude that both of Appellant's issues are devoid of merit.  Accordingly, we affirm the April 24, 2014 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/2015